IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **AUDREY WILLIAMS,** | * | |
| *Plaintiff,* | * | |
| | * | Civil Action No. 1:22-cv-00272-JRR |
| v. | * | |
| **UNITED STATES OF AMERICA,** | * | |
| *Defendant.* | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

This matter comes before the court on Defendant United States of America's (the "Government") Motion for Summary Judgment (ECF No. 25; the "Motion"). The parties' submissions have been reviewed and no hearing is necessary. Local Rule 105.6 (D. Md. 2023). For the reasons that follow, by accompanying order, the Motion shall be denied.

## INTRODUCTION

This action arises out of a bicycle accident involving a United States Postal Service ("USPS") mail truck. Plaintiff alleges that on or about October 14, 2020, she and her husband were riding their bicycles when a USPS mail truck pulled off from the side of the road into Plaintiff and her husband's lane of travel. (ECF No. 1, ¶¶ 6-7.) According to Plaintiff, when the USPS truck pulled into her and her husband's lane of travel, it caused Plaintiff to collide into her husband's bicycle and fall to the ground. *Id.* ¶ 8. Plaintiff claims that, as a result of the incident, she has had to undergo medical treatment and incur expenses for same. *Id.* ¶ 12. Additionally, Plaintiff alleges pain, suffering, and mental anguish as a result of the incident. *Id.* ¶ 13.

On February 2, 2022, Plaintiff filed the instant lawsuit pursuant to the Federal Tort Claims Act ("FTCA"). 28 U.S.C. § 1346. The Complaint contains a single count for negligence against the Government. The Government now moves for summary judgment in its favor arguing that Plaintiff cannot demonstrate the USPS driver breached any duty of care owed to her; and Plaintiff cannot recover because she was contributorily negligent. (ECF no. 25-1 at 5 and 9.)

**UNDISPUTED MATERIAL FACTS**

On October 14, 2020, Plaintiff and her husband were riding their bicycles on Thelma Avenue in Glen Burnie, Maryland. (ECF No. 1, ¶ 6.) Plaintiff collided into the back of her husband's bicycle. *Id.* at ¶ 8. Plaintiff submitted a Standard Form 95, Claim for Damage, Injury or Death to USPS in July 2021 (the "Claim"), setting forth the "basis of claim" as follows:

> On October 14, 2020 at approximately 2:45 PM, Ms. Williams and her husband were operating their bicycles and were proceeding down Thema Avenue in Glen Burnie, MD when a USPS truck pulled off to the side of the road to deliver mail. As they started to pass the USPS truck, it pulled out in their lane, causing Ms. Williams to collide into her husband's bicycle and fall to the ground.

(ECF No. 25-2 at 2.)

USPS driver Latasha Neal was driving the USPS mail truck at the time of the incident. According to USPS' Accident Investigation Worksheet, Ms. Neal described the incident as follows:

> After delivering to 314 Thelma Ave[.,]I sat still at the box to wait for the traffic to pass my left side. My hazard lights were on. Prior to waiting for a gap in traffic to proceed to the next delivery[,] [two] bikers passed my left. The male slowed down to look behind him towards where I was. The woman ran into his rear and fell off of her bike maybe 10 feet ahead of me[.] I sat there (in the grass) for about 15 secs[.] to wait for them to move (which the [sic] didn[']t, I proceed to go o my next deliver ([illegible] Thelma Ave[.]) & [sic] drive through the grass to get there and cont'd my route.

(ECF No. 25-3 at 3.)  Neither Plaintiff's nor her husband's bicycle made contact with the USPS mail truck.  Plaintiff testified at deposition:

> Q. Did the postal vehicle make contact with you or your bike?
>
> A. No. I went to the side, and hit my husband trying to avoid being hit by the mail truck.
>
> Q. Did the postal vehicle make contact with your husband's bike?
>
> A. No.

(ECF No. 25-4, 35: 5-12.)

## **LEGAL STANDARD**

### **FEDERAL RULE OF CIVIL PROCEDURE 56**

Rule 56 of the Federal Rules of Civil Procedure provides that a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c).  A material fact is one that "might affect the outcome of the suit under the governing law." *Libertarian Party of Va. v. Judd*, 718 F.3d 308, 313 (4th Cir. 2013) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).  A genuine dispute of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.  When considering a motion for summary judgment, a judge's function is limited to determining whether sufficient evidence exists on a claimed factual dispute to warrant submission of the matter to a jury for resolution at trial.  *Id*. at 249.  Trial courts in the Fourth Circuit have an "affirmative obligation . . . to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat v. Balt. Ravens Football Club, Inc.*, 346 F.3d 514, 526 (4th Cir. 2003) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993)).  This court has previously explained that a "party

cannot create a genuine dispute of material fact through mere speculation or compilation of inferences." *Shin v. Shalala,* 166 F. Supp. 2d 373, 375 (D. Md. 2001) (citations omitted).

In undertaking this inquiry, the court considers the facts and all reasonable inferences in the light most favorable to the nonmoving party. *Libertarian Party of Va.*, 718 F.3d at 312; *see also Scott v. Harris*, 550 U.S. 372, 378 (2007). The court "must not weigh evidence or make credibility determinations." *Foster v. Univ. of Md.-Eastern Shore*, 787 F.3d 243, 248 (4th Cir. 2015) (citing *Mercantile Peninsula Bank v. French*, 499 F.3d 345, 352 (4th Cir. 2007)); *see also Jacobs v. N.C. Admin. Office of the Courts*, 780 F.3d 562, 569 (4th Cir. 2015) (explaining that the trial court may not make credibility determinations at the summary judgment stage). Indeed, it is the function of the fact-finder to resolve factual disputes, including issues of witness credibility. *Tolan v. Cotton*, 134 S. Ct. 1861, 1866-68 (2014).

## ANALYSIS

### I. FEDERAL TORT CLAIMS ACT

The Federal Tort Claims Act ("FTCA") waives "the sovereign immunity of the United States for certain torts committed by federal employees acting within the scope of their employment." *Brownback v. King*, 141 S. Ct. 740, 746 (2021) (quoting *FDIC v. Meyer*, 510 U.S. 471, 475-76 (1994)). To bring a cognizable claim pursuant to the FTCA, plaintiff must show that her claim is: "[1] against the United States, [2] for money damages, . . . [3] for injury or loss of property, or personal injury or death [4] caused by the negligent or wrongful act or omission of any employee of the Government [5] while acting within the scope of his office or employment, [6] under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." *Meyer*, 510 U.S. at 477. It is undisputed that Plaintiff brings her negligence claim against the Government pursuant to the FTCA.

A.  **Choice of Law**

The United States may be liable under the FTCA only to the extent that a "private person[] would be liable to the claimant in accordance with the law of the place where the act or omission occurred," and only "in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. §§ 1346(b)(1) and 2674.  Thus, "the substantive law of each state establishes the cause of action." *Anderson v. United States*, 669 F.3d 161, 164 (4th Cir. 2012).  The parties do not dispute that Maryland law governs Plaintiff's negligence claim.  Accordingly, the court analyzes Plaintiff's negligence claim under the law of the State of Maryland.

B.  **Negligence – Breach**

The Government argues that Plaintiff cannot meet her burden to establish that the USPS driver breached her duty to exercise ordinary care.  (ECF No. 25-1 at 6.)  Specifically, the Government argues that Plaintiff's assertions are contradicted by GPS data gathered from the USPS mail truck the day of the incident. *Id.* at 7.

A claim of negligence includes four elements. "The plaintiff must show: (1) that the defendant was under a duty to protect the plaintiff from injury, (2) that the defendant breached that duty, (3) that the defendant's breach of the duty proximately caused the loss or injury suffered by the plaintiff, and (4) that the plaintiff suffered actual loss or injury." *Troxel v. Iguana Cantina, LLC*, 201 Md. App. 476, 495 (2011) (citing *Corinaldi v. Columbia Courtyard, Inc.*, 162 Md. App. 207, 218 (2005).  "Whether a plaintiff has presented sufficient evidence of the elements of negligence is generally a question for the fact finder, but the existence of a legal duty is a question of law to be decided by the court." *Corinaldi,* 162 Md. App. at 218.  "A duty is breached when a person or entity fails to conform to an appropriate standard of care and, in doing so, fails to protect

5

third persons against unreasonable risks." *Troxel,* 201 Md. App. at 501 (citing *B.N. v. K.K.,* 312 Md. 135 (1988)).

The parties do not dispute that the USPS driver owed Plaintiff (and anyone utilizing the public road) a duty of reasonable care when operating the USPS mail truck. The sole question before the court is whether Plaintiff has presented sufficient factual evidence to generate a dispute of material fact on the issue of whether the Government breached its duty of care to Plaintiff. In support of its argument that Plaintiff cannot prove that the USPS driver breached her duty, the Government submits the Affidavit of Charles Funk, Ph.D., P.E. (ECF No. 24-5.)

Dr. Funk is an expert in the fields of vehicle dynamics, collision reconstructions, and investigations of vehicular systems. *Id.* ¶ 3. Dr. Funk analyzed the GPS data from the USPS mail truck and concluded to a reasonable certainty that: the USPS driver's statements regarding the incident were "consistent with the available evidence;" the Bearing Angle (*i.e.*, the "angle of vehicle movement relative to true north") reported in the GPS data "indicated that the [USPS mail truck] did not make an abrupt or sudden left movement at any point along Thelma Avenue in the area of the claimed incident;" the speed data reported in the GPS data "indicated that the [USPS mail truck] did not make an abrupt or sudden movement or acceleration at any point along Thelma Avenue in the area of the claimed incident;" there "was no evidence that the [USPS mail truck] contacted either bicycle or bicyclist;" there "was no evidence that the [USPS mail truck] impeded the path of the bicycles;" and there "was no evidence that the [USPS mail truck] caused or contributed to the subject incident. (ECF No. 25-5, ¶ 6. vi-xi.)

The Government argues that the GPS data and Dr. Funk's analysis contradict Plaintiff's testimony regarding the incident. (ECF No. 25-1 at 7.) The Government further asserts that Plaintiff's election not to designate a rebuttal expert or depose Dr. Funk and, instead, to rely on

6

her own testimony to generate a dispute of fact, fails because Plaintiff's version of events is so plainly at odds with and contradicted by the record of defense evidence, including expert testimony, that no reasonable jury could find in her favor. *Id.* at 8 and 9.

In opposition to the Government's Motion, Plaintiff argues there are material facts in dispute such that summary judgment is inappropriate. (ECF No. 26-1 at 2.) Specifically, Plaintiff avers that – notwithstanding Dr. Funk's testimony and the GPS record – her testimony is sufficient to generate a dispute as to whether the USPS employee driving the mail truck pulled onto the street in front of Plaintiff's husband, thereby causing her to collide into the rear of his bicycle. *Id.*

Rule 56(c)(1) requires that a party who is "asserting that a fact cannot be or is genuinely disputed must support this assertion." FED. R. CIV. PROC. 56(c)(1). The party must do so by:

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

FED. R. CIV. P. 56(c)(1)(A)-(B).

Plaintiff testified at deposition as follows:

> Q. Please describe how your October 14, 2020, bike accident happened?
>
> A. My husband and I were riding, like we do, and daily, Monday through Friday. And we were going down Thelma. I was behind him about two bike lengths behind him. And the mail truck, when we came around the little curb, the mail truck was to the right.
> And we, we ride with our lights on. And he was in front of me. And he veered out a little bit because her mail truck was pulled over, like into like a little dirt area off the pavement. And I followed him over, just kind of in his path. And I noticed that she started to

7

>   move, the mail truck started to move, and so he veered over a little bit more.
>
>   And my eyes, I was looking at the mail truck and she came out. No signal. Nothing. The mail truck come out. And I'm looking at her and I veer over. And I didn't notice that he had come to a complete stop, and I hit him and fell to the ground.

(ECF No. 26-3, 29:18 - 30:17.)

>   Q.    So your testimony is the truck pulled out in front of you?
>
>   A.    Absolutely.
>
>   Q.    The truck pulled out in front of your husband, right, because your husband was in the front?
>
>   A.    The truck pulled out in front of both of us. It's just he was to the side of her by the time she pulled out.
>
>   Q.    Did the postal —
>
>   A.    We were passing. We were in the process of passing the pulled-over mail truck, as a car would.  So when she pulled out, he veered over to avoid being hit. I'm looking at the mail truck because she pulled out in front of me because I'm two car lengths behind him. And when she pulled out, he was already trying to pass. And I notice that she's pulled out.  And, I, you know, what could I do. And he stopped when she pulled out.

*Id.* at 34:8 – 35:9.

Resolution of whether the USPS driver breached her duty requires the fact-finder to evaluate and weigh the credibility of Plaintiff's testimony as to what happened against the Government's expert and fact witness testimony.  To support the element of breach of duty, Plaintiff is entitled to rely solely on her testimony (based on her personal knowledge and experience) that the USPS truck pulled out in front of her and her husband, causing her to collide into the back of her husband's bike.  She need not refute Dr. Funk's testimony (or that of the driver) by way of rebuttal expert.  If the jury finds Plaintiff's testimony credible and weights it more heavily than defense evidence, the jury may return a plaintiff's verdict.

### B. Contributory Negligence

The Government argues that Plaintiff was contributorily negligent because she admits that "she failed to look in the direction she was cycling (*i.e.*, forward) for an astounding fifteen to twenty seconds." (ECF No. 25-1 at 10.)

"As a general proposition, questions of primary and contributory negligence are for the jury." *Robertson v. Shell Oil Co.,* 34 Md. App. 399, 403 (1977). "It is equally well recognized that the facts of a given case may establish that a defendant has been guilty of negligence or a plaintiff has been guilty of contributory negligence, as a matter of law." *Id.* (citing *Southern Maryland Electric, Inc. v. Blanchard*, 239 Md. 481, 485 (1965)). "The vehicle for taking either issue from the jury can be a motion for summary judgment . . . , although, '[u]sually it is neither advisable nor practicable to enter a summary judgment in a tort action.'" *Id.* (quoting *Driver v. Potomac Electric Power Co.*, 247 Md. 75, 79 (1967)). "Where a summary judgment on the issue of contributory negligence is pursued, the law pertaining to the consideration and disposition of such a motion is well settled. The purpose, of course, is not to try the case on the merits." *Id.*

The court finds that assessing whether Plaintiff was contributorily negligent requires the fact finder to weigh evidence and determine credibility of witnesses.

### CONCLUSION

For the reasons set forth herein, by separate order, the Motion will be denied.

/S/

Julie R. Rubin
United States District Judge

August 28, 2023